IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

THERESA A. DEPIES, JEFFREY G. DEPIES,
WASHBURN COUNTY INDUSTRIAL
DEVELOPMENT AGENCY, and
CASHTON FARM SUPPLY, LTD.,

                Defendants.

OPINION & ORDER

16-cv-329-jdp

---

This is a civil action in which the United States of America seeks to foreclose on a farm owned by defendants Theresa A. Depies and Jeffrey G. Depies. The Depieses are in default on several loans from the Farm Service Agency (FSA), a part of the U.S. Department of Agriculture.

The government has moved for summary judgment against the Depieses. Dkt. 16. The Depieses filed no response to the government's motion. However, well after the response deadline, the Depieses wrote a letter to the court asking to postpone judgment until September 2017. Dkt. 23. I will construe the letter as a motion to stay the case, which I will deny. I will grant the government's motion for summary judgment against the Depieses.

The remaining defendants have not answered the complaint or appeared in this case, so the government has moved for default judgment against them. Dkt. 16. I will schedule a hearing on the government's motion for default judgment against the remaining defendants.

## UNDISPUTED FACTS

The Depieses executed multiple promissory notes to the FSA between 2004 and 2010. To secure those notes, the Depieses executed security agreements and financing statements, giving the government a security interest in all farm products, crops, livestock, and farm equipment owned by the Depieses. The Depieses also executed real estate mortgages conveying an interest to the government in the Depieses' real property. And the government filed a lien on the Depieses' truck.

The Depieses have made no payments on the promissory notes since October 2013, so they are in default. Their mortgages provide that in the event of default by the borrower on the promissory notes, the government may declare the entire amount unpaid under the notes immediately due and payable. The government did so on July 24, 2014. As of March 7, 2017, the Depieses still owed the government $374,975.85 in principal, interest, and other fees. Daily interest accrues in the amount of $27.6811.

Defendants Washburn County Industrial Development Agency and Cashton Farm Supply, Ltd., purportedly have an interest in the Depieses' property, but they have failed to appear, plead, or otherwise defend the claims against them, and the clerk of court has entered default against them. Dkt. 10.

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 because it is commenced by the government.

ANALYSIS

A. **Motion to stay**

The Depieses' response to the government's motion for summary judgment was due April 6, 2017; they filed nothing by that deadline. In a letter received by the court on May 5, 2017, the Depieses ask the court "to postpone any further judgment on this case until Sept[ember] 2017." Dkt. 23. They admit that they are in default but explain that they recently began a "funding request" and that they intend to pay their debt. I will construe the Depieses' letter as a motion to stay the case. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). This court typically considers the following factors when reviewing motions to stay: (1) the stage of the litigation; (2) any undue prejudice or tactical disadvantage that the stay will cause for the non-moving party; (3) the likelihood of simplifying the issues in question and streamlining the trial; and (4) the burden of litigation on the parties and the court. *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168, 2010 WL 2079866, at *1 (W.D. Wis. May 19, 2010). These factors do not weigh in favor of a stay in this case.

The case is nearing completion. A stay will not simplify the issues in question, as the Depieses admit that they are in default. It appears that the Depieses wish to pay off their debt, but they offer no evidence that they are able to do so. In any case, continuing the litigation in this case will not deprive them of the opportunity to pay. I will deny the motion to stay and rule on the government's summary judgment motion.

B. **Summary judgment**

To succeed on a motion for summary judgment, the moving party must show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). The Depieses did not respond to the government's motion, and thus any supported facts asserted by the government will be deemed to be established. Nevertheless, the government must still show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

State law governs FSA mortgage foreclosure actions. *See United States v. Molitor*, 157 B.R. 427, 429 (W.D. Wis. 1992). To obtain a judgment of foreclosure under Wisconsin law, the government must demonstrate that it has the right to enforce the note, mortgage, or security agreement it wishes to foreclose upon. *See PNC Bank, N.A. v. Bierbrauer*, 2013 WI App 11, ¶ 10, 346 Wis. 2d 1, 827 N.W.2d 124. Here, the undisputed facts show that the Depieses have defaulted on their obligations to the government and that those obligations are secured by notes, mortgages, and security agreements, so the government has shown that it is entitled to a judgment of foreclosure. I will grant summary judgment in the government's favor.

I will not enter default judgment against the remaining defendants now because it is this court's practice to first hold a hearing, and in this case, a hearing is required by Federal Rule of Civil Procedure 55(b)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff the United States of America's motion for ruling on unopposed motion for summary judgment and default judgment, Dkt. 21, is GRANTED.

2. Defendants Theresa A. Depies and Jeffrey G. Depies' motion to stay the case, Dkt. 23, is DENIED.

3. Plaintiff's motion for summary judgment and default judgment, Dkt. 16, is GRANTED with respect to the Depieses. The court will hold a hearing concerning plaintiff's motion for default judgment against defendants Washburn County Industrial Development Agency and Cashton Farm Supply, Ltd., on June 8, 2017, at 8:30 a.m., and will reserve ruling on that aspect of plaintiff's motion until that time.

Entered May 8, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge