IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              Case No. 16-cv-329-jdp

THERESA A. DEPIES, JEFFREY G.
DEPIES, WASHBURN COUNTY
INDUSTRIAL DEVELOPMENT
AGENCY, and CASHTON FARM
SUPPLY, LTD.,

        Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

Defendants, Washburn County Industrial Development Agency, and Cashton Farm Supply, Ltd., having failed to appear, plead, or otherwise defend in this action, and default having been entered against them on August 5, 2016, summary judgment having been granted in favor of Plaintiff as to Defendants Theresa Depies and Jeffrey Depies on May 8, 2017, and counsel for Plaintiff United States of America having requested judgment against the defaulted Defendants and having filed a proper motion and declarations in accordance with Fed. R. Civ. P. 55(a) and (b);

Judgment is hereby entered in favor of Plaintiff and against all Defendants as follows:

## Real Estate

1. There is now due and owing to Plaintiff as of and including June 8, 2017, the following sum: *See* Attachment A.

2. Plaintiff is entitled to Judgment of Foreclosure and Sale in the usual form on the mortgaged premises, located in Washburn County, Wisconsin, and described more specifically as:

> The North one-half of the Northeast Quarter of Section 35;
> The South one-half of the Southeast Quarter of Section 26; except:
> > a) The West 396 feet of the Southwest Quarter of the Southeast Quarter;
> > b) The town road shown as Lot of Certified Survey Map No. 3128, Volume 14, Page 108, as Document number 302855, being part of the Southeast Quarter of the Southeast Quarter of Section 26;
>
> All in Township 41 North, Range 11 West (in the Town of Gull Lake), Washburn County, Wisconsin.
>
> Tax Parcel Numbers: 65-024-2-41-11-26-4 04-000-001000;
> 65-024-2-41-11-35-1 01-000-001000;
> 65-024-2-41-11-35-1 02-000-001000;
> 65-024-2-41-11-26-4 03-000-002000

3. The mortgaged premises shall be sold as a whole at public auction in the County of Washburn, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin.

4. The Defendants, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

2

5. In case of sale pursuant hereto:

a) the United States Marshal shall give public notice of the time and place of the sale as required by law, and that notice of the sale be published in <u>The Washburn County Register</u>, a newspaper published in the City of Shell Lake, Washburn County, Wisconsin;

b) the United States Marshal shall allow any of the parties to this action to purchase at the sale the above-described premises;

c) the United States Marshal shall file with the Clerk of this Court his report of the sale, and shall also immediately after the sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court;

d) the United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be deposited as above provided, and the balance of the sale price shall be paid to the United States Marshals' Service by the purchaser at the sale, within thirty (30) days of the date of sale, except that if Plaintiff is the successful bidder at the sale, the United States Marshal may take the receipt of Plaintiff in lieu of cash payment;

e) the United States Marshal, upon compliance on the part of the purchaser with the terms of the sale as required by law, and upon confirmation of the sale by the Court, shall make and execute to the purchaser a deed to the premises so sold, as above described, stating the price paid therefor;

f) the United States Marshal shall deliver the deed to the purchaser, upon compliance by the purchaser with the terms of the sale, and the payment by him of any balance of the sale price to be paid, and upon confirmation of the sale by the Court;

g) the United States Marshal shall thereupon pay from the proceeds of the sale all claims superior to Plaintiff as determined by the Court, and to Plaintiff, the amount of said judgment, together with interest from the date of judgment on all of said sums, as set forth in 28 U.S.C. § 1961(a), or so much thereof as the monies derived from the sale of the premises will pay the same, and take receipts therefor; and

h) the surplus money, if any, shall be subject to the further order of the Court.

6. If the proceeds of such sale be insufficient to pay the amounts aforesaid, the United States Marshal shall specify the amount of the deficiency in his report of sale. Deficiency judgment is not being sought herein.

7. Upon confirmation of sale of the mortgaged premises:

a) the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof;

b) any of the parties to this action who may be in possession of the premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under

4

them or either of them shall deliver to such grantee or grantees named in the deed possession of the mortgaged premises, and

    c)    a writ of assistance shall issue if necessary to secure such possession.

8.    Plaintiff may pay any taxes or insurance premiums on the mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on the premises for the amount so paid with interest as set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged premises.

9.    Defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same.

### Chattel

10.    There is now due and owing to Plaintiff as of and including June 8, 2017, the following sums: *See* Attachment A.

11.    Plaintiff is entitled to immediate possession of the items of security on which the Farm Service Agency has a first security interest, as set forth in Attachment B.

12.    Plaintiff may exercise its right to have execution issued and require the United States Marshal to take possession of the items of security listed in Attachment B, and deliver the items of security to Plaintiff, and a writ of execution shall issue if necessary to secure such possession.

13. These items of security, described in Attachment B, may be sold individually or as a whole at public sale or private sale by or under the direction of the United States Marshal or the Farm Service Agency.

14. If these items of security, described in Attachment B, are sold, the United States shall deposit the proceeds thereof, after deducting the costs and expenses of the sale, and unless otherwise ordered by the Court, the United States shall thereupon pay from the proceeds of the sale all claims superior to Plaintiff as determined by the Court and to Plaintiff the sums set forth in Attachment A, the amount of the judgment, together with interest on all sums at the rate set forth in 28 U.S.C. § 1961(a) from the date of the Judgment, or so much thereof as the monies derived from the sale of the items of security will pay, and take receipts therefor; that the surplus money, if any, shall be subject to further order of the Court.

15. If the proceeds from the sale of the items of security, together with the proceeds from the sale of the real estate, are insufficient to pay the amounts set forth above, then the United States may report the amount of the deficiency to the Court. Deficiency judgment is not being sought in this action.

16. Defendants and each of them, their heirs, successors and assigns; and all persons claiming under them or either of them, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged collateral.

17. Defendants and all persons claiming under them or either of them, are hereby enjoined from doing any act that may impair the value of the mortgaged collateral.

Dated this 8TH day of June, 2017.

BY THE COURT:

JAMES D. PETERSON
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 8th day of June, 2017.

PETER OPPENEER
Clerk of Court
United States District Court

7